IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TRENTON BARNETT, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>(1) SAVAGE ARMS, INC., )<br>a foreign corporation, )<br> )<br> )<br>Defendant. ) | Case No.:  21-cv-00013-JED-JFJ<br><br>Osage County CJ-2020-149<br><br><br>*JURY TRIAL DEMANDED* |

## NOTICE OF REMOVAL

Defendant Savage Arms, Inc. ("Savage" or "Defendant"), by and through its undersigned counsel, hereby submits this Notice of Removal of the above-entitled case from the District Court in and for Osage County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. By this petition, Defendant gives notice of the removal of this action. This notice of, and petition for, removal is made pursuant to 28 U.S.C. §§ 1441, *et seq.*, and is proper and appropriate based upon the following:

**I.   INTRODUCTION.**

1. Defendant desires to exercise its right under the provisions of 28 U.S.C. §§ 1441, *et seq.*, to remove this case from the District Court in and for Osage County, State of Oklahoma, where it was pending under the style of *Trenton Barnett v. Savage Arms, Inc.,* Case No. CJ-2020-149. Specifically, 28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

1

2. In his Petition, Plaintiff alleges that Defendant designed and manufactured a Savage Axis XP rifle, serial number N377935 (the "Rifle"), which he purchased on or about August 14, 2019. (Ex. 1, Pet., ¶¶ 4-5.) Plaintiff alleges that three months later (on November 24, 2019), the Rifle "unexpectedly discharged" while he was hunting in Osage County, Oklahoma. (*Id.* ¶ 6.) The Petition provided the following description of the incident:

> On or about November 24, 2019 . . . while the Rifle carried live ammunition, and while the safety mechanism of the firing assembly of the Rifle was located in the position marked "safe" ("Safety Position"), Plaintiff began walking along a vehicle trail while hunting. While walking along this trail, the Rifle unexpectedly discharged or fired while in the Safety Position after Plaintiff tripped, causing the Plaintiff to receive life threatening, painful, permanently disabling, and permanently disfiguring injuries.

(*Ibid.*) Based on these factual allegations, Plaintiff brings state law product liability claims for negligence, strict liability, breach of express warranties, and breach of the implied warranty of merchantability. (*Id.* ¶¶ 11-52.)

3. This case has not been tried.

4. Defendant voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiff's Petition. Thus, this Notice of Removal is filed subject to and with a reservation of rights by Defendant for all defenses and objections to Plaintiff's Petition, including, but not limited to, defenses and objections to venue, service of process, personal jurisdiction, and any other defenses Defendant might pursue. A responsive pleading or motion will be filed in accordance with Rule 81 of the Federal Rules of Civil Procedure.

5. To date, Defendant has not received any pleadings. The only pleadings on file with the Clerk is the Petition. Exh. 1. Therefore, copies of all proceedings, pleadings, and orders provided to Defendant have been attached to this Notice of Removal.

**II.     NOTICE OF REMOVAL IS TIMELY.**

6.      The Petition was filed on December 4, 2020, but Plaintiff has not yet served Defendant with a copy of the Summons or Petition. Thus, pursuant 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

**III.    ORIGINAL JURISDICTION EXISTS BECAUSE THE PARTIES ARE DIVERSE.**

7.      Removal is authorized by 28 U.S.C. § 1441 and is based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332 because (a) there is diversity of citizenship between Plaintiff and Defendant and (b) the amount in controversy exceeds $75,000.

   **A.     Plaintiff and Defendant are Diverse.**

8.      For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."); *SFF-TIR, LLC v. Stephenson*, 290 F. Supp. 3d 856, 967 (N.D. Okla. 2017) ("For diversity jurisdiction purposes, a person's domicile determines citizenship."). A corporation will be deemed a citizen of the State where it has been incorporated and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1*); see also Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (explaining that for diversity purposes, a corporation is deemed to be a citizen of any State where it has been incorporated and the State where it has its principal place of business).

9.      Upon information and belief, and as alleged in the Petition, at the time of the commencement of this action, and at all times thereafter, Plaintiff has been a citizen of the State

of Oklahoma. (Ex. 1, Pet., ¶ 1 ("At all times material hereto, Plaintiff, Trenton Barnett, has been, and continues to be, a citizen and resident of Osage County, State of Oklahoma.").)

10. At the time of the commencement of this action, and at all times thereafter, Defendant Savage has been a Delaware corporation with a principal place of business in the Commonwealth of Massachusetts. (*Id.* ¶ 2 ("At all times material hereto, Defendant Savage Arms, Inc. has been and continues to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business headquartered in the State of Massachusetts.").) Therefore, Defendant is a citizen of the State of Delaware and the Commonwealth of Massachusetts.

11. Accordingly, complete diversity exists between Plaintiff (Oklahoma) and Defendant (Delaware and Massachusetts).

### B. The Amount in Controversy Exceeds $75,000.

12. For purposes of removal, the amount in controversy can be established by looking to the face of the Petition. *Hughes v. E-Z Serve Petroleum Mktg. Co.*, 932 F. Supp. 266, 268 (N.D. Okla. 1996). When the petition alleges an entitlement to relief in excess of $75,000, the amount in controversy requirement is satisfied. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008) ("If an in-state plaintiff suing an out-of-state defendant wishes to be in federal court, all the plaintiff needs to do is allege an amount in excess of $75,000 . . . ."). Where the face of the petition does not affirmatively establish the requisite amount in controversy, however, the amount in controversy can be established based on the removing party's good faith belief and the underlying facts of the matter, as established in the petition and the notice of removal. *Hughes*, 932 F. Supp. at 268; *see also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1324 (N.D. Okla. 2003).

13. In the Petition, Plaintiff alleges that he was permanently, severely, and critically injured when he was shot with a rifle on November 24, 2019. (Ex. 1, Pet. ¶¶ 6-7.) Plaintiff alleges that, as a result of this incident, he has suffered permanent disabling and disfiguring injuries, that were "life threatening." (*Id.* ¶ 6.) Additionally, he seeks damages for "physical pain and mental anguish," "physical and mental impairment," medical expenses, lost wages, and loss of earning capacity. (*Id.* ¶ 7.) Plaintiff further alleges that these damages are continuing and that he will sustain such damages "for the remainder of his natural life." (*Ibid.*)

14. As a result of these injuries, Plaintiff seeks to be compensated in an amount in excess of $75,000: "Plaintiff prays, judgment on the above Counts against Defendant for a sum in excess of $75,000.00, costs of the action, attorney fees, and for such other and further relief as proper." (*Id.* at p. 11.)

15. Here, since the Petition specifies that Plaintiff seeks relief for a "sum in excess of $75,000," the amount in controversy standard is satisfied. *Hughes*, 932 F. Supp. at 268. Additionally, it is worth noting that the amount in controversy is otherwise satisfied by the underlying facts alleged in the Petition and in this Notice of Removal. Based on the severity of the injuries (gunshot resulting in permanent disabling and disfiguring injuries) at issue and the totality of the damages sought (including the claims for general damages, special damages, medical expenses, lost wages, loss of earning capacity, and pain and suffering), it is clear that the amount in controversy requirement has been met in this instance. *Archer,* 271 F. Supp. 2d at 1324.

16. Therefore, all requirements for diversity jurisdiction have been satisfied, which means removal is proper.

IV. <u>**CONFORMITY WITH THE RULE OF UNANIMITY.**</u>

17. The "rule of unanimity" requires that all defendants to an action who have been served or otherwise properly joined in the action join in the removal or file a written consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Defendant Savage is the only named defendant. Therefore, Defendant has complied with the rule of unanimity.

V. **REMOVAL TO THIS DISTRICT IS PROPER.**

18. Pursuant to 28 U.S.C. § 1441, the right exists to remove this case from the District Court in and for Osage County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma, which embraces the place where the action is pending.

VI. **CONCLUSION.**

19. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Clerk of the District Court in and for Osage County, State of Oklahoma, as required by law, and a copy of this Notice of Removal is being served on Plaintiff.

20. Defendant reserves the right to amend or supplement this Notice of Removal, and Defendant otherwise reserves all defenses.

21. Defendant respectfully requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Defendant Savage Arms, Inc. prays that this case be removed from the District Court in and for Osage County, State of Oklahoma to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceeding be had in the District Court in and for Osage County, State of Oklahoma.

Dated: January 11, 2021

[SIGNATURE ON SUBSEQUENT PAGE]

*s/Steven E. Holden*
Steven E. Holden, OBA #4289
HOLDEN LITIGATION
15 East 5th Street, Suite 3900
Tulsa, Oklahoma 74103
(918) 295-8888
(918) 295-8889 (facsimile)
steveholden@holdenlitigation.com

Anthony M. Pisciotti (pro hac vice to be sought)
Danny C. Lallis (pro hac vice to be sought)
PISCIOTTI MALSCH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
(973) 245-8101 (facsimile)
apisciotti@pmlegalfirm.com
dlallis@pmlegalfirm.com

*Attorneys for Defendant Savage Arms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following persons by United States First Class Mail, postage prepaid, and by electronic mail, this 11th day of January 2021:

John Heskett, Esq.
Jacob Heskett, Esq.
HESKETT & HESKETT
2401 Nowata Place, Suite A
Bartlesville, Oklahoma 74006
(918) 336-1773
jheskett@hesklaw.com
*Attorneys for Plaintiff*

                                                  s/Steven E. Holden
                                                  Steven E. Holden