# **EXHIBIT 1**

**IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA**

TRENTON BARNETT, )
)
    Plaintiff, )
)
vs. ) Case No. CJ-2020-149
)
SAVAGE ARMS INC., )
a foreign corporation )
)
    Defendant. )

*District Court, Osage County, Okla.
FILED
DEC 3 2020
JENNIFER BURD, County Clerk
By _____ Deputy*

## PETITION

COMES NOW the Plaintiff, by and through his counsel, and in support of his claims against the Defendant, states:

### FACTS APPLICABLE TO ALL COUNTS

1. At all times material hereto, Plaintiff, Trenton Barnett has been, and continues to be, a citizen and resident of Osage County, State of Oklahoma.

2. At all times material hereto, Defendant Savage Arms Inc. has been and continues to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business headquartered in the State of Massachusetts.

3. At all times material hereto, Defendant Savage Arms Inc. has been engaged in the business of designing, manufacturing, testing, marketing and selling firearms and related products throughout the United States, including rifles and shotguns for hunting and sport.

EXHIBIT 1

4. Before November 24, 2019, the Defendant designed, manufactured, tested, marketed, and sold bolt-action firearms, specifically, the Savage Axis XP 6.5 Creedmoor Rifle.

5. That on or about August 14, 2019, Plaintiff bought a new Savage Axis XP 6.5 Creedmoor Rifle, bearing the Serial Number N377935, ("Rifle") from Cabela's Incorporated.

6. On or about November 24, 2019, the Plaintiff, Trenton Barnett was using the Rifle in Osage County, State of Oklahoma as intended by the Defendant and in accordance with the instructions issued by the Defendant for the weapons use. On this date, while the Rifle carried live ammunition, and while the safety mechanism of the firing assembly of the Rifle was located in the position marked "safe" ("Safety Position"), Plaintiff began walking along a vehicle trail while hunting. While walking along this trail, the Rifle unexpectedly discharged or fired while in the Safety Position after Plaintiff tripped, causing the Plaintiff to receive life threatening, painful, permanently disabling, and permanently disfiguring injuries.

7. As a result of Defendant's failure to properly develop, test, and ensure that the Rifle was properly designed and manufactured, Plaintiff has suffered physical pain and mental anguish, has sustained physical and mental impairment, and has incurred medical expenses and lost wages. Plaintiff will continue to have physical pain and mental anguish, physical and mental impairment, medical expenses, and loss of earning capacity for the remainder of his natural life.

8. The Rifle discharges or fires while the firing assembly is in the Safety Position which constitutes a serious design defect, and rendered the Rifle unreasonably dangerous at the time it left the possession, custody, and control of the Defendant due to the defects in the Rifle's design, manufacture, and marketing. These defects were the proximate cause of the injuries to Plaintiff.

9. At the time Rifle was delivered into Plaintiff's possession and at all times prior and subsequent to that time until the time of Plaintiff's injury, the Rifle was in the same condition as when it left the possession of Defendant, with the exception of Plaintiff having mounted a scope thereon.

10. At the time Plaintiff was injured, Plaintiff was using the Rifle in a manner reasonably anticipated for the purposes for which the Rifle was intended.

## COUNT I
## PRODUCTS LIABILITY

11. Plaintiff incorporates by reference all preceding paragraphs as though fully stated and set forth.

12. Defendant, at all times material to this action, designed, manufactured, distributed, and sold the Rifle and placed such product into the stream of commerce.

13. The Rifle left the Defendant's possession and control in such a defective condition that made the Rifle unreasonably dangerous to the ordinary consumer.

14. The defective Rifle designed, manufactured, distributed, and sold by Defendant is defective, unfit for its intended use, and unreasonably dangerous.

15. Plaintiff is in the class of persons that the Defendant should have reasonably foreseen as being subject to the harm caused by the defectively designed and manufactured Rifle.

16. The defective Rifle reached Plaintiff without substantial change in the condition in which the product was designed, manufactured, distributed, and sold by Defendant.

17. Defendant owed a duty of care to Plaintiff to manufacture, distribute, and sell products that were not unreasonably dangerous, free from defects, and fit for their intended purposes.

18. Defendant breached this duty to Plaintiff by failing to sell the Rifle free from defects and fit for its intended purposes.

19. Plaintiff used the Rifle in the manner that was normally intended and expected by Defendant.

20. Plaintiff could not have discovered that Defendant's Rifle was defective as herein mentioned, or perceived of its danger.

21. By reason of the foregoing, Defendant is strictly liable to Plaintiff for designing, manufacturing, and selling the product.

## COUNT II
## NEGLIGENT DESIGN

22. Plaintiff incorporates by reference all preceding paragraphs as though fully restated and set forth.

23. At all relevant times, Defendant owed a duty to Plaintiff and to the general public to exercise reasonable care by properly:

    a. Designing their firearms and related parts, including but not limited to safety components; and

    b. Manufacturing their firearms and related parts according to Defendant's own specifications, and in accordance with general industry standards and safe practices.

24. It was foreseeable to the Defendant that if it designed, manufactured, distributed, and sold defective and unreasonably dangerous firearms with a faulty safety and related parts, then shooters and bystanders in proximity to such firearms would be subject to significant risk of severe injury or death caused by sudden, unexpected discharge. The Defendant breached their duty of care and were negligent in the following acts and omissions:

    a. by designing, manufacturing, distributing, and selling firearms that were unsafe for their intended purposes under foreseeable circumstances, including but not limited to failing to ensure that the firearms' safety and related parts had adequate

strength, integrity, quality control, steel quality, and component connections;

b. by negligently failing to reasonably inspect and test the firearms to discover defects in them;

c. by negligently failing to reasonably train, inform, and assist firearm dealers and sellers of the dangers associated with the firearm;

d. by negligently and carelessly advertising and marketing the firearm as safe and durable;

e. by negligently and carelessly failing to comply with necessary standards applicable to firearm design, manufacture, and sale; and

f. by purposely or negligently failing to notify consumers, as required by law, that a defect exists in their firearm that relates to personal and public safety.

25. As a result of these negligent acts and omissions, Plaintiff suffered the previously described damages.

## COUNT III
## NEGLIGENT MANUFACTURING

26. Plaintiff incorporates by reference all preceding paragraphs as though fully restated and set forth.

27. At all relevant times, Defendant owed a duty to Plaintiff and to the general public to exercise reasonable care by properly manufacturing its firearms and related parts according to Defendant's own specifications, and in accordance with general industry standards and safe practices.

28. It was known or foreseeable to Defendant that if it manufactured and sold the Rifle with a defective safety mechanism such that it was not fit for its intended and foreseeable use and that shooters and bystanders would be subject to significant risk of severe injury or death.

29. The Refile Defendant ultimately manufactured was dangerous for its intended and foreseeable use.

30. Among other things, Defendant breached it duties when it failed to ensure that the safety mechanisms of the firing assembly and related parts underwent a reasonably appropriate manufacturing process with adequate quality assessment and control measures in place.

31. These failures, individually or in concert, resulted in a defective and unreasonably dangerous Rifle.

32. Defendant did not have any reason to believe that the Plaintiff would recognize that the Rifle was defective and dangerous in the failure of the safety mechanisms of the firing assembly to operate as intended.

33. As a direct and proximate result of Defendant's breach of its duty to manufacture the Rifle in a manner fit for the ordinary purposes for which it was used, Plaintiff suffered the previously described injuries and damages.

## COUNT IV
## FAILURE TO WARN

34. Plaintiff incorporates by reference all preceding paragraphs as though fully stated and set forth.

35. Defendant knew, or in the exercise of reasonable care should have known, that the Rifle was to be purchased and used without inspection for defects by members of the general public, including the purchases and users of the firearm.

36. Defendant knew, or should have known, that the Rifle had a defective safety mechanism and related parts, as described above, and yet failed to warn their customers or the general public about the dangers of these defects. In spite of this unreasonably dangerous condition of the firearm, the Defendant failed to provide adequate warnings and instructions of this danger to purchasers and users of this firearm, including Plaintiff.

37. As a result of this breach by the Defendant of their legal duty to warn, Plaintiff suffered and continues to suffer the previously described damages, and hereby demands punitive damages for willful and wanton conduct and conscious disregard of others' rights by the Defendant.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38. Plaintiff incorporates by reference all preceding paragraphs as though fully restated and set forth.

39. At all times relevant to this action, the Defendant was the merchant with respect to the Rifle.

40. The Defendant impliedly warranted that the Rifle they designed, manufactured, distributed, and sold was merchantable under applicable law.

41. Defendant breached this implied warranty of merchantability because the Rifle was defective, unreasonably dangerous, was not fit for the ordinary purpose for which it was intended, and could not pass without objection in the industry in which it was sold.

42. As a direct and proximate result of the Defendant's breach of implied warranty of merchantability, Plaintiff suffered the previously described damages.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

43. Plaintiff incorporates by reference all preceding paragraphs as though fully stated and set forth.

44. Defendant made affirmations of fact and promises to Plaintiff which related to the Rifle as more fully described herein.

45. Defendant's affirmation of fact and promises created an express warranty that the Rifle would conform to the Defendant's affirmations and promises.

46. Defendant uniformly warranted all of the Savage Axis XP 6.5 Creedmoor Rifles against defects in material workmanship encountered during normal use.

47. The misrepresentations were made by Defendant to induce the Plaintiff to purchase and were material factors in the Plaintiff's decision to purchase the Rifle.

48. Defendant is obligated under the terms of its written warranty to repair and/or replace the defective Rifle sold to Plaintiff.

49. Defendant has breached its written warranty, as set forth above, by supplying the Rifle in a condition which does not meet the warranty obligations undertaken by Defendant.

50. As set forth above, Defendant's warranty fails in its essential purpose and, accordingly, Plaintiff cannot and should not be limited to the remedies set forth in the written warranty and instead should be permitted to recover all measures of appropriate relief.

51. The limitations of damages and the limitations contained in the express warranty provisions are harsh, oppressive, and one-sided. The limitations related to the amount of damages and the types of remedies available to Plaintiff are unconscionable.

52. As a direct and proximate result of Defendant's conduct and failure to conform to representations in breach of Defendant's express warranties, Plaintiff has suffered damages, injury in fact and/or ascertainable loss in an amount to be determined at trial.

WHEREFORE, Plaintiff prays judgment on the above Counts against Defendant for a sum in excess of $75,000.00, costs of the action, attorney fees and for such other and further relief as is proper.

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

Attorneys for Plaintiff,
HESKETT & HESKETT

By: _____
John Heskett (OBA #12333)
Jacob Heskett (OBA #34156)
2401 Nowata Place, Suite A
Bartlesville, Oklahoma 74006
(918) 336-1773
jheskett@hesklaw.com

STATE OF OKLAHOMA, COUNTY OF WASHINGTON. ) SS:

Trenton Barnett, of lawful age and being first duly sworn, states that he has read the foregoing Petition, that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct.

_____
Trenton Barnett

Subscribed and sworn to before me this 12th day of November, 2020.

_____
Notary Public

My Commission Expires: 11/13/2022
My Commission No. 14010393