IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TRENTON BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:21-cv-00013-JED-SH |
| | ) | |
| (1) SAVAGE ARMS, INC., a foreign Corporation; (2) CABELA'S WHOLESALE, LLC, a foreign limited liability company, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

**COMES NOW** The Plaintiff, by and through his counsel, and in support of his claims against the Defendants, states as follows:

### FACTS APPLICABLE TO ALL COUNTS

1. At all times material hereto, Plaintiff, Trenton Barnett has been, and continues to be, a citizen and resident of Osage County, State of Oklahoma.

2. At all times material hereto, Defendant Savage Arms, Inc., (hereinafter referred to as "Savage") has been and continues to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business headquartered in the State of Massachusetts.

3. At all times materials hereto, Defendant Cabela's Wholesale, LLC, (hereinafter referred to as "Cabela's"), is a Nebraska limited liability company, duly authorized to do business in the State of Oklahoma.

4. At all times material hereto, Savage has been engaged in the business of designing, manufacturing, testing, marketing and selling firearms and related products throughout the United States, including rifles and shotguns for hunting and sport.

5. At all times material hereto, Cabela's has been engaged in the business of marketing and selling firearms and related products throughout the United States, including rifles and shotguns for hunting and sport.

6. Before November 24, 2019, Savage designed, manufactured, tested, marketed, and sold bolt-action firearms, specifically, the Savage Axis XP 6.5 Creedmoor Rifle.

7. Before November 24, 2019, Cabela's marketed and sold bolt-action firearms, specifically, the Savage Axis XP 6.5 Creedmoor Rifle.

8. That on or about August 14, 2019, Plaintiff bought a new Savage Axis XP 6.5 Creedmoor Rifle from Cabela's, bearing the Serial Number N377935, ("Rifle").

9. On or about November 24, 2019, the Plaintiff, Trenton Barnett was using the Rifle in Osage County, State of Oklahoma, as intended by the Defendant Savage and in accordance with the instructions issued by Savage for the weapons use. On this date, while the Rifle carried live ammunition, and while the safety mechanism of the firing assembly of the Rifle was located in the position marked "safe" ("Safety Position"), Plaintiff began walking along a vehicle trail while hunting. While walking along this trail, the Rifle unexpectedly discharged or fired while in the Safety Position after Plaintiff tripped, causing the Plaintiff to receive life threatening, painful, permanently disabling, and permanently disfiguring injuries.

10. As a result of Savage's failure to properly develop, test, and ensure that the Rifle was properly designed and/or manufactured, and the sale thereof to the Plaintiff by Cabela's, Plaintiff has suffered physical pain and mental anguish, has sustained physical and mental impairment, and has incurred medical expenses and lost wages. Plaintiff will continue to have physical pain and mental anguish, physical and mental impairment, medical expenses, and loss of earning capacity for the remainder of his natural life.

11. The Rifle discharges or fires while the firing assembly is in the Safety Position which constitutes a serious defect, and rendered the Rifle unreasonably dangerous at the time it left the possession, custody, and control of Savage and Cabela's, due to the defects in the Rifle's design, manufacture, and marketing. These defects were the proximate cause of the injuries to Plaintiff.

12. At the time the Rifle was delivered into Plaintiff's possession and at all times prior to and until the time of Plaintiff's injury, the Rifle had not been altered by Plaintiff and was in the same condition as when it left the possession of Savage and/or Cabela's.

13. At the time Plaintiff was injured, Plaintiff was using the Rifle in a manner reasonably anticipated for the purposes for which the Rifle was intended.

## COUNT I
## PRODUCTS LIABILITY

14. Plaintiff incorporates by reference all preceding paragraphs as though fully stated and set forth.

15. Savage at all times material to this action, designed, manufactured, distributed, and sold the Rifle and placed such product into the stream of Commerce.

16. Cabela's at times material to this action distributed and sold the Rifle to the Plaintiff.

17. The Rifle left Savage's possession and control in such a defective condition that made the Rifle unreasonably dangerous to the ordinary consumer.

18. The Rifle was sold to Plaintiff by Cabela's in such a defective condition that made the Rifle unreasonably dangerous to the ordinary consumer in general, and the Plaintiff in particular.

19. The defective Rifle designed, manufactured, distributed, and sold by Savage is defective, unfit for its intended use, and unreasonably dangerous.

20. The defective Rifle marketed and sold by Cabela's is defective, unfit for its intended use, and unreasonably dangerous.

21. Plaintiff is in the class of persons that Savage and Cabela's should have reasonably foreseen as being subject to harm caused by the defectively designed and manufactured Rifle.

22. The defective Rifle reached Plaintiff without substantial change in the condition in which the product was designed, and/or manufactured, and/or distributed and/or sold by Savage and/or Cabela's.

23. Savage owed a duty of care to Plaintiff to manufacture, distribute, and sell products that were not unreasonably dangerous, free from defects, and fit for their intended purpose.

24. Cabela's owed a duty of care to Plaintiff to sell products that were not unreasonably dangerous, free from defects, and fit for their intended purpose.

25. Savage and Cabela's breached this duty to Plaintiff by failing to sell the Rifle free from defects and fit for its intended purpose.

26. Plaintiff used the Rifle in the manner that was normally intended and expected by Savage and Cabela's.

27. Plaintiff could not have discovered that Savage's Rifle was defective as herein mentioned, or perceived of its danger.

28. By reason of the foregoing, Savage and Cabela's are strictly liable to Plaintiff for designing, manufacturing and selling the product.

## COUNT II
## NEGLIGENT DESIGN

29. Plaintiff incorporates by reference all preceding paragraphs as though fully restated and set forth.

30. At all relevant times, Savage owed a duty to Plaintiff and to the general public to exercise reasonable care by properly:

   a. Designing its firearm and related parts, including but not limited to safety components; and

   b. Manufacturing its firearm and related parts according to Savage's own specifications, and in accordance with general industry standards and safe practices.

31. It was foreseeable to Savage and Cabela's that a gun defectively designed, and/or manufactured, and/or distributed, and and/or sold was an unreasonably dangerous firearm as the faulty safety and related parts would expose shooters and bystanders in proximity to such firearm to significant risk of severe injury or death caused by sudden, unexpected discharge. Savage and/or Cabela's breached their duty of care and were negligent in the following acts and omissions:

   a. by designing, and/or manufacturing, and/or distributing, and/or selling a firearm that was unsafe for its intended purpose under foreseeable circumstances, including but not limited to failing to ensure that the firearm's safety and related parts had adequate strength, integrity, quality control, steel quality, and component connections;

b. by negligently failing to reasonably inspect and test the firearm to discover defects in the firearm;

c. by negligently failing to reasonably train, inform, and assist firearm dealers and sellers of the dangers associated with the firearm;

d. by negligently and carelessly failing to comply with necessary standards applicable to firearm design, manufacture, and sale; and

f. by purposely or negligently failing to notify consumers, as required by law, that a defect exists in their firearm that relates to personal and public safety.

32. As a result of these negligent acts and omissions, Plaintiff suffered the previously described damages.

## COUNT III
## NEGLIGENT MANUFACTURING

33. Plaintiff incorporates by reference all preceding paragraphs as though fully restated and set forth.

34. At all relevant times, Savage owed a duty to Plaintiff and to the general public to exercise reasonable care by properly manufacturing its firearms and related parts according to Savage's own specifications, and in accordance with general industry standards and safe practices.

35. It was known or foreseeable to Savage that if it manufactured and sold the Rifle with a defective safety mechanism such that it was not fit for its intended and foreseeable use and that shooters and bystanders would be subject to significant risk of severe injury or death.

36. The Rifle Savage ultimately manufactured was dangerous for its intended and foreseeable use.

37. Among other things, Savage breached its duties when it failed to ensure that the safety mechanisms of the firing assembly and related parts underwent a reasonably appropriate manufacturing process with adequate quality assessment and control measures in place.

38. These failures, individually or in concert, resulted in a defective and unreasonably dangerous Rifle.

39. Savage did not have any reason to believe that the Plaintiff would recognize that the Rifle was defective and dangerous in the failure of the safety mechanisms of the firing assembly to operate as intended.

40. As a direct and proximate result of Savage's breach of its duty to manufacture the Rifle in a manner fit for the ordinary purposes for which it was used, Plaintiff suffered the previously described injuries and damages.

## COUNT IV
## FAILURE TO WARN

41. Plaintiff incorporates by reference all preceding paragraphs as though fully stated and set forth.

42. Savage and/or Cabela's knew, or in the exercise of reasonable care should have known, that the Rifle was to be purchased and used without inspection for defects by members of the general public, including the purchasers and users of the firearms.

43. Savage and/or Cabela's knew, or should have known, that the Rifle had a defective safety mechanism and related parts, as described above, and yet failed to warn their customers or the general public about the dangers of these defects. In spite of this unreasonably dangerous

condition of the firearm, Savage failed to provide adequate warnings and instructions of this danger to purchasers and users of this firearm, including the Plaintiff.

44. As a result of this breach by Savage and/or of their legal duty to warn, Plaintiff suffered and continues to suffer the previously described damages, and hereby demands punitive damages for willful and wanton conduct and conscious disregard of others' rights by Savage and/or Cabela's.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

45. Plaintiff incorporates by reference all preceding paragraphs as though fully restated and set forth.

46. At all times relevant to this action, Savage and Cabela's were the merchants with respect to the Rifle.

47. Savage and Cabela's impliedly warranted that the Rifle they designed, manufactured, distributed, and sold was merchantable under applicable law.

48. Savage and Cabela's breached this implied warranty of merchantability because the Rifle was defective, unreasonably dangerous, was not fit for the ordinary purpose for which it was intended, and could not pass without objection in the industry in which it was sold.

49. As a direct and proximate result of Savage's and Cabela's breach of implied warranty of merchantability, Plaintiff suffered the previously describe damages.

## COUNT VI
## NEGLIGENCE

50. Plaintiff incorporates by reference all preceding paragraphs as though fully stated and set forth.

51. Prior to Plaintiff's purchase of the rifle, Defendants Savage and Cabela's were the only entities having possession of the Rifle.

52. Plaintiff did not alter the Rifle in any form from the time of and after purchase.

53. Savage denies having manufactured, designed and distributed the Rifle in a defective condition.

54. Cabela's is the only other entity that possessed the Rifle prior to Plaintiff's purchase.

55. In the event the Rifle was not defectively designed and/or manufactured, such defects were brought about by the negligent acts, or omissions, of Cabela's.

56. As a direct and proximate result of Cabela's conduct Plaintiff has suffered damages, injury in fact and/or ascertainable loss in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays judgment on the above Counts against Savage and Cabela's for actual damages in a sum in excess of $75,000.00, as well as exemplary damages for Savage's and Cabela's negligent and/or reckless disregard of the rights of others, the costs of the action, Plaintiff's attorney fees and for such other and further relief as is just and proper.

                Respectfully submitted,

                s/Jim Loftis
                JIM LOFTIS, PLLC
                P.O. Box 8
                Ardmore, Oklahoma 73402
                (405)366-1400 - Telephone
                Jim@jimloftislaw.com

                John Heskett (OBA #12333)
                Jacob Heskett (OBA #34156)
                HESKETT & HESKETT
                2401 Nowata Place, Suite A
                Bartlesville, Oklahoma 74006
                (918) 336-1773 - Telephone
                (918)336-3152 - Facsimile
                jheskett@hesklaw.com

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on the _____ day of _____, 2021, a true and correct copy of the above and foregoing document was electronically transmitted with the attached summons to the following counsel of record for the defendant Savage:

Anthony M. Pisciotti
Danny C. Lallis
PISCIOTTI MALSCH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
apisciotti@pisciotti.com
dlallis@pisciotti.com

Steven E. Holden
Rhiannon Kay Baker
Sofia Miranda
HOLDEN LITIGATION
15 East 5th Street, Suite 3900
Tulsa, Oklahoma 74103

hm@HoldenLitigation.com
rhiannonbaker@holdenlitigation.com
sofiamiranda@holdenlitigation.com

                                                               s/Jim Loftis_____

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**